**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN FRENCH,

      Plaintiff,

-vs-                 Case No.  8:04-cv-2084-T-26MAP

RARE HOSPITALITY
MANAGEMENT, INC.,

      Defendant.
_____/

**O R D E R**

  This cause comes before the Court for consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 26) and Defendant's Motion for Summary Judgment (Doc. No. 27).  Defendant filed a Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 29), and Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 30).

**STANDARD OF REVIEW**

  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991).  Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim.  <u>Id</u>.  When a moving party has

discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. Id. at 324.

## DISCUSSION

Defendant's motion for summary judgment employs an analysis under the framework established by McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff's motion for summary judgment utilizes the prohibited criterion analysis set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Under either analysis, the end result is the same. The Court finds that Plaintiff has established a *prima facie* case of retaliation, but there otherwise remain genuine issues of material fact that preclude summary judgment in favor of either Plaintiff or Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)  Plaintiff's Motion for Summary Judgment (Doc. No. 26) is **DENIED**.

(2)  Defendant's Motion for Summary Judgment (Doc. No. 27) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of December, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge