# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN FRENCH,

        Plaintiff,

-vs-                                        Case No. 8:04-cv-2084-T-24MAP

RARE HOSPITALITY MANAGEMENT, INC.,

        Defendant.

_____/

## O R D E R

This cause comes before the Court for consideration of the following motions in limine:

(1)    Defendant's Motions in Limine (Doc. No. 49)

    (a)    regarding any and all testimony from Plaintiff's subordinates - Meredith Kern or Robert Arnot, Jr. - concerning their opinion of Plaintiff's job performance is **GRANTED**. Under applicable law, because Kern and Arnot were Plaintiff's subordinates during the relevant period, because neither had any role in evaluating Plaintiff's performance and because neither participated in the decision making process, Kern and Arnot's opinions regarding whether Plaintiff was a good manager lack relevance and have no probative value concerning Defendant's motivation for terminating Plaintiff, i.e., a loss of trust and confidence in Plaintiff's judgment and leadership and the potential risk of liability if Plaintiff remained in a leadership position after the EEOC/Falkowski litigation versus Plaintiff's testimony in the EEOC/Falkowski litigation that he did not have sexual harassment training.

(b) regarding any and all testimony from Kern or Arnot concerning their opinion as to whether Plaintiff should have been terminated and/or their agreement or disagreement with the Company's decision is **GRANTED**. The Court notes that Plaintiff has no objection to this motion.

(c) regarding any and all testimony from Plaintiff's damages expert Brenda Mulder concerning her opinion of Plaintiff's damages after June 5, 2005 pursuant to the doctrine of after acquired evidence is **DENIED**. Whether Defendant can establish an after acquired evidence defense is a question for the jury and has not been established as a matter of law in this case. If the jury rejects Defendant's after acquired evidence defense, then Plaintiff's damages would not be limited by the June 5, 2005 date. Accordingly, the Court will not exclude the testimony of Brenda Mulder as to Plaintiff's damages after June 5, 2005.

(d) regarding any and all references, argument, questions or testimony by Plaintiff or his counsel regarding Defendant's current employees being in fear of termination because they are providing testimony or have participated in this case is **GRANTED** to the extent Plaintiff is prohibited from testifying as to his belief that witnesses may have been in fear of termination because of their testimony otherwise **DENIED**. This type of question may go to bias of the witness.

(e) regarding any and all references, argument, questions or testimony by Plaintiff or his counsel regarding the salary, bonuses, stock options, or any

        other form of compensation of any current employee of Defendant, including, but not limited to, Thomas Gathers, Dave George, Phil Hickey, Gene Lee, and Paul Livrieri is **DENIED**. This type of question may go to bias of the witness.

(2) Plaintiff's Motion in Limine Regarding Plaintiff's Counsel's Prior Representation of Danielle Linville and Gina Leonard (Doc. No. 50) is **GRANTED** regarding referencing or alluding to the fact that Mr. Fenton represented Linville or Leonard in the EEOC/Falkowski litigation, but does not prevent Linville or Leonard from testifying that they had representation in the EEOC/Falkowski litigation without identifying their counsel.

(3) Plaintiff's Motion in Limine Regarding Plaintiff's Work Performance (Doc. No. 51) is **DENIED**. Plaintiff requests that, based on Defendant's response to interrogatories listing the reasons for Plaintiff's termination and the fact that Plaintiff never received an evaluation reflecting poor performance, the Court bar Defendant from presenting any testimony or evidence that Plaintiff's work performance was not satisfactory. Plaintiff's reasons for exclusion of such testimony raise an issue of semantics and are insufficient to warrant such an exclusion.

(4) Plaintiff's Motion in Limine Regarding Prior Arrest (Doc. No. 52) is **GRANTED**. The Court notes that Defendant has no objection to this motion and does not intend to present evidence regarding Plaintiff's prior arrest.

(5) Plaintiff's Motion in Limine to Exclude Testimony from Alleged Sex Harassment Victims (Doc. No. 53) is deferred for ruling at trial. The Court agrees with Plaintiff

that such testimony is probably not relevant but would prefer to hear further argument.

(6) Plaintiff's Motion in Limine Regarding Attorney/Client Privilege Asserted by Defendant (Doc. No. 54) is **DENIED**.

(7) Plaintiff's Motion in Limine to Exclude After Acquired Evidence (Doc. No. 56) is **DENIED**. Likewise, Plaintiff's request, in the alternative, to bifurcate is **DENIED**.

(8) Plaintiff's Motion in Limine to Exclude Cumulative Testimony (Doc. No. 57) is **DENIED**. Mr. Lee, Mr. Hickey and Mr. George are all decision makers involved in Plaintiff's termination. Accordingly, this Court cannot limine out the testimony as cumulative as it concerns the central issue in the case - whether the decision to terminate Plaintiff's employment was based on unlawful motives.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of April, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge